Christopher D. Jones, AZ Bar No. 029366
**CHRIS JONES LAW, PLC**
4704 E. Southern Ave.
Mesa, Arizona 85206
Tel: (480) 835-5553
Fax: (877) 390-5157
chris@jonesinjurylaw.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **AMY RANDALL**,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**UNITED PARCEL SERVICE, INC.**, an Ohio corporation; BLACK & WHITE CORPORATIONS I-V; and BLACK & WHITE PARTNERSHIPS I-V; DOES I-V,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (as amended), Title I of the Civil Rights Act of 1991, and the Arizona Civil Rights Act, A.R.S. § 41-1463, to correct and redress unlawful employment practices on the basis of sex and to provide appropriate relief to Plaintiff Ms. Amy Randall who has been and continues to be adversely affected by such practices during her employment with Defendant United Parcel Service, Inc.  As alleged with greater particularity below, Plaintiff Ms. Amy Randall alleges that United Parcel Service, Inc. subjected her to sexual harassment, harassment, and retaliation in violation of Title VII and the Arizona Civil Rights Act.

///

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 451, 1331, 1337, 1343(a)(4), 42 U.S.C. § 2000e, and A.R.S. § 41-1463.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and § 41-1481 of the Arizona Civil Rights Act.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), and A.R.S. § 12-401.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

5. Plaintiff Amy Randall ("Ms. Randall") is a citizen of the United States of America residing in the County of Maricopa, State of Arizona.

6. At all relevant times, Defendant United Postal Service, Inc. ("UPS"), an Ohio corporation, has continuously been doing business in the State of Arizona and has continuously had at least 15 employees.

7. At all relevant times, UPS has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINSTRATIVE PROCEDURES

8. More than thirty days before the institution of this lawsuit; Ms. Randall filed charges with the United States Equal Employment Opportunity Commission ("EEOC") and the State of Arizona Attorney General's Office, Division of Civil Rights Section ("Division") on March 24, 2022 against UPS alleging sexual harassment and discriminatory treatment because of her sex, female, in violation of Title VII and the Arizona Civil Rights Act ("ACRA").  See attached Exhibit A.

9. Ms. Randall has satisfied all of the requirements for initiating this action by exhausting her administrative remedies with the EEOC and Division by filing this Complaint within the ninety days of her receipt of a Right to Sue Letter from the EEOC, and within one year of filing charges with the Division. See attached Exhibit B.

10. After Ms. Randall filed her Charge of Discrimination with the EEOC and Division, she continued to be subjected to discriminatory harassment at the workplace.

## STATEMENT OF CLAIMS #1

11. Ms. Randall has been an outstanding employee of UPS since 2008. She has an excellent track record of service, and has been an exceptional employee.

12. During the course of her employment with UPS, Ms. Randall has been and continues to be subjected to severe and pervasive discriminatory harassment by her co-workers and supervisors based on her sex, female.

13. On July 6, 2020, at approximately 10:34 a.m. and again at 10:46 a.m., Ms. Randall was contacted by a co-worker named Ryan Mortensen regarding a miss-loaded package that he had in his UPS truck. Mr. Mortensen arranged to drop off the package to Ms. Randall near one of her stops.

14. At approximately 11:20 a.m., Mr. Mortensen met up with Ms. Randall to deliver the package. Mr. Mortensen parked his vehicle alongside Ms. Randall's vehicle. He then rolled up his back door and handed her the package. Ms. Randall then proceeded to walk back to her truck when Mr. Mortensen grabbed her shoulders without permission from behind, and started massaging her. Ms. Randall shrugged him off, then Mr. Mortensen forcefully grabbed her from behind without permission and pulled her in towards him. Mr. Mortensen then grabbed Ms. Randall's face and attempted to kiss her. Ms. Randall moved her face down and away to avoid Mr. Mortensen's unwanted advances and yelled at him to "Stop!" Mr. Mortensen then forcefully spun Ms. Randall around and proceeded to hold her. As Mr. Mortensen attempted to kiss Ms. Randall again, she stepped back, then Mr. Mortensen grabbed her right breast and proceeded to grab it a second time more forcefully. Ms. Randall hit his hand away then ran to her truck and drove away.

15. Upon return to the UPS station, Ms. Randall reported the sexual assault to manager Nick Avila, who offered no medical assistance or time off.

16. Mr. Avila then asked Ms. Randall to complete a package pick-up at a UPS store location after being sexually assaulted.  Only after her return from the UPS store pick-up was Ms. Randall told by Mr. Avila to complete an incident report with UPS security, Corey Anderson.

17. At that time, Ms. Randall asked Mr. Anderson if she should call the police to report the sexual assault, and Mr. Anderson proceeded to tell her that UPS would handle the matter internally.  UPS management did not report the sexual assault to the police.

18. UPS management then failed to inform Ms. Randall that she was eligible to take time off from work because of the sexual assault.

19. Mr. Anderson then told Ms. Randall to go home because she "was unfit for duty." She then left the facility alone and while exiting encountered an on-road supervisor and Mr. Mortensen walking into the facility.

20. Upon information and belief, a Teamsters Union Steward convinced Mr. Mortensen to resign to maintain his benefits and pension.  If he refused to resign, the Teamsters Union Steward stated that he would be forced to disclose the prior assault and/or harassment involving Mr. Mortensen while employed at UPS.

21. On or about July 7, 2020, Ms. Randall filed a police report with the City of Mesa Police Department Report #2020-201890271 regarding the sexual assault by Mr. Mortensen.

22. On or about July 17, 2020, a UPS safety supervisor contacted Ms. Randall and informed her that he had received an email that was sent out to several employees about the sexual assault involving Mr. Mortensen through UPS injury reports.

23. On or about September 7, 2020, during a workgroup meeting it was announced by Ms. Randall's supervisor that she was being pulled off a route due to Mr. Mortensen being re-hired by another package carrier.

24. UPS's "open door policy" of reporting and ending sexual assault and harassment was wholly insufficient. UPS failed to provide Ms. Randall with any resources, and UPS management did not help her understand the company's response plan regarding sexual assault, including reporting the sexual assault to the police.

25. Since the initial sexual assault, Ms. Randall has endured and continues to endure endless harassing and discriminatory comments and questions about the sexual assault involving Mr. Mortensen from other employees, including management at UPS. It was clear that Ms. Randall's sexual assault was being disclosed to and discussed by employees throughout the workplace.

26. The negligence of UPS's management contributed to and/or enabled Mr. Mortensen's sexual assault of Ms. Randall.

27. UPS and management knew or should have known of Mr. Mortensen's history of at least two prior incidents of sexual assault and/or harassment while employed at UPS, and of prior incidents of assault and/or harassment while at a previous employer.

28. Upon information and belief, the two prior incidents of sexual assault and/or harassment perpetrated by Mr. Mortensen while employed at UPS occurred under manager, Kevin Kenny. Mr. Kenny was subsequently fired by UPS and was replaced by Mr. Avila. UPS then rehired Mr. Kenny during the 2021 winter peak season, showing again that UPS is prioritizing business over employee safety.

29. UPS and management failed to maintain and/or enforce sexual assault and harassment protocols, prevention or response plans.

30. UPS and management failed to investigate complaints of discriminatory and sexual harassment in the workplace, have routinely failed to adequately discipline employees guilty of engaging in discriminatory and sexual harassment, and have condoned such egregious behavior in the workplace.

31. UPS and management failed to keep confidential the information that was reported to management by Ms. Randall. The disclosures have led to further embarrassment and harassment from other co-workers creating a hostile work environment for her.

32. UPS and management have allowed a "locker room" type culture to prevail at a male dominated workplace, in which it has become acceptable to make sexual innuendo and harassing jokes to female employees including towards Ms. Randall.

33. As a further disregard to Ms. Randall's safety, UPS and management, immediately following the sexual assault by Mr. Mortensen, placed her work truck near Mr. Mortensen's brother-in-law, and UPS and management inexcusably sent her to help Mr. Mortensen's brother-in-law on his pick-up routes, further adding to her mental and emotional damages.

34. Upon return to the UPS station, Ms. Randall reported how uncomfortable she was in that situation to manager Nick Avila, who initially responded sarcastically and then eventually asked Ms. Randall if he needed to make another report to Human Resources.

## STATEMENT OF CLAIMS #2

35. The forgoing allegations are repeated, realleged and restated as if fully set forth.

36. In or about July 2020, a coworker by the name of Peter Reis took a protective interest in Ms. Randall after the sexual assault by Mr. Mortensen.

37. On or about July 24, 2020, Mr. Reis sexually assaulted Ms. Randall while at Mr. Reis' mother's residence.

38. On or about August 11, 2021, Mr. Reis grabbed Ms. Randall and kissed her without consent while at work. Ms. Randall pushed him away and left the scene. Later that day, she sent Mr. Reis an email telling him to no longer contact her.

39. From about August 2021 until November 2021, Ms. Randall received approximately 80 plus messages and emails from Mr. Reis which were threatening in nature.

40. Ms. Randall was initially afraid to report the sexual assault and harassment by Mr. Reis to UPS management due to how they dealt with the sexual assault by Mr. Mortensen.

///

///

41. In or about October 2021, Mr. Reis blocked Ms. Randall on two occasions while operating a forklift, left notes and a check on her car, and would otherwise intimidate her at the workplace.

42. On or about October 29, 2021, Ms. Randall reported Mr. Reis' behavior to UPS security and contacted the Town of Gilbert Police Department.

43. In or about November 2021, Ms. Randall met with UPS management Michael Zakely and Andrea Moore regarding the ongoing harassment by Mr. Reis at the workplace.  UPS management questioned Ms. Randall as to whether Mr. Reis would really attempt to hurt her.

44. On or about November 12, 2021, an Order of Protection was served on Mr. Reis while at work.  Ms. Randall provided UPS management with the Order of Protection, which included a 100-foot restraining order, and was informed by UPS management that they would not enforce it at the workplace. UPS management had no plan for the safety and protection of Ms. Randall while at the workplace.

45. In or about November and December 2021, Mr. Reis repeatedly harassed Ms. Randall at the workplace in violation of the Order of Protection.  Ms. Randall reported the harassment to UPS management, who chose to do nothing but protect Mr. Reis.

46. On or about December 24, 2021, Mr. Reis was arrested for violating the Order of Protection.

47. On or about December 28, 2021 and again on January 10, 2022, Ms. Randall was informed by union representatives that UPS Labor Manager Don Oulette wanted to transfer her to a different, less desirable workplace hub because she was interrupting production and being an inconvenience at work.

48. On or about January 20, 2022, the Order of Protection was modified to include the station hub address where Ms. Randall worked as a protected place for her with Mr. Reis being required to stay 1000 feet away from her because UPS management failed to enforce the Order of Protection and protect her.

49. On or about January 25, 2022, Ms. Randall was again informed by UPS management that she was to be transferred to a different, less desirable workplace hub for being an inconvenience to the workplace and interruption production.

50. On or about January 25, 2022, UPS manager Stephanie Almendarez informed Union Stewards that Ms. Randall was harassing Mr. Reis by calling the police on him for violating the Order of Protection.

51. On or about March 16, 2022, UPS Labor Manager Don Oulette informed Ms. Randall and Union Stewards that Mr. Reis would be transferred only and not fired for him admitting to assaulting and harassing Ms. Randall.  Mr. Oulette also admitted to Ms. Randall that he failed to appreciate the severity and egregious nature of the harassment perpetrated by Mr. Reis on her at the workplace and elsewhere.

52. On or about April 14, 2022, during a meeting with Ms. Randall, Union Stewards, UPS security Andrea Moore and Chris Corley, and UPS management Don Oulette, Michael Zakely and Stephanie Almendarez, UPS management claimed to not be aware of the sexual assault, harassment, threats, and violations of the Order of Protection by Mr. Reis against Ms. Randall, which was refused by UPS security who reminded UPS management that they had been included in meetings, emails and phone calls discussing the violations, sexual assault and harassment by Mr. Reis against Ms. Randall.  Mr. Oulette then admitted to Ms. Randall that he is responsible for thousands of employees and cannot be expected to read all his emails.

53. On or about April 19, 2022, Ms. Randall was contacted by several UPS employees at a Tempe station hub who informed her that UPS management was telling employees at the Tempe hub that there was a female employee at the Mesa hub getting men in trouble by claiming sexual harassment.

54. On or about April 26, 2022, UPS manager Stephanie Almendarez admitted to Union Steward Norm McKissick that she was the one who called management at the Tempe hub to inform them of Ms. Randall being a problem at work.

55. In all, Ms. Randall has formally filed approximately 6 reports, corporate ethic complaints and grievances between July 2020 and April 2022 informing UPS management of sexual assault and harassment against her while at the workplace.

56. In regards to Ms. Randall's claims, UPS and management have failed to enforce the "Not in Our House" zero tolerance policy, have failed to conduct thorough and appropriate investigations involving workplace sexual assault and harassment, have failed to take immediate and appropriate corrective action whenever sexual assault and harassment have occurred at work, and have failed to terminate or discipline employees who violate professional conduct and harass others at the workplace.

57. In regards to Ms. Randall's claims, UPS and management have allowed harassment to occur at the workplace, and have repeatedly protected those who harass at the workplace rather than protect victims.

58. The sexually harassing and abusive behavior against Ms. Randall while at the workplace was so open, notorious and frequent that UPS and management knew or should have known about it.

59. UPS and management knew or should have known of Mr. Mortensen's history of sexual assault and harassment at the workplace but failed to stop it.

60. UPS and management knew or should have known of Mr. Reis' sexual assault and harassment of Ms. Randall at the workplace but failed to stop it.

61. UPS and management knew or should have known that Ms. Randall has endured and continues to endure endless harassing and discriminatory comments and questions about the sexual assaults and harassment from other employees, including management at UPS, but failed to stop it.

## FIRST CLAIM FOR RELIEF
### Sexual Harassment, Harassment and Hostile Work Environment

62. The forgoing allegations are repeated, realleged and restated as if fully set forth.

///

///

63. UPS discriminated against Ms. Randall in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting her to sexual harassment and other harassment because of her sex, female.

64. The offensive conduct described in the preceding paragraphs was sufficiently severe or pervasive to alter the terms and conditions of employment for Ms. Randall.

65. UPS knew or should have known about the hostile or sexually offensive and harassing work environment suffered by Ms. Randall because of her sex, female.

66. UPS and management failed to take reasonable steps to promptly prevent or remedy sexually harassing and otherwise harassing behavior in the workplace.

67. The effect of the practices complained of above have been to deprive Ms. Randall of equal employment opportunities and otherwise affect her status as an employee because of her sex, female.

68. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

69. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Ms. Randall.

70. UPS's and management's discriminatory treatment of Ms. Randall has had and continues to have a detrimental impact on her well-being and her physical and emotional health.

## SECOND CLAM FOR RELIEF

### Retaliation

71. The forgoing allegations are repeated, realleged and restated as if fully set forth.

72. UPS discriminated against Ms. Randall in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-3(a) and the ACRA, A.R.S. § 41-1464, by retaliating against her while engaged in protected conduct under Title VII and the ACRA.

73. UPS subsequently took adverse action against Ms. Randall by attempting to transfer her to a less desirable workplace hub in another city.

74. UPS and management stated on multiple occasions that they sought to transfer Ms. Randall because she was interrupting production and being an inconvenience at work by reporting sexual harassment and other harassment against her by coworkers at the workplace.

75. The reporting of sexual harassment and other harassment was the but-for cause of the adverse transfer action by UPS, which followed shortly after Ms. Randall's complaints.

## THIRD CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

76. The forgoing allegations are repeated, realleged and restated as if fully set forth.

77. UPS knew of Mr. Mortensen's propensity for sexual harassment because of Ms. Randall's and other female coworkers' complaints to management.

78. UPS knew of Mr. Reis' propensity for sexual harassment because of Ms. Randall's complaints to management.

79. In both instances, UPS and management chronically ignored the complaints and refused to investigate them promptly and thoroughly.

80. UPS and management demonstrated a reckless indifference to complaints of sexual harassment and other harassment against Ms. Randall.

81. The conduct of Mr. Mortensen and Mr. Reis against Ms. Randall was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

82. Ms. Randall has suffered severe emotional distress as a result of the conduct described herein.

## FOURTH CLAIM FOR RELIEF

### Negligent Supervision and Retention

83. The forgoing allegations are repeated, realleged and restated as if fully set forth.

84. UPS and management knew of Mr. Mortensen's proclivity to sexually harass female coworkers.

85. UPS and management ignored their legal obligation to remedy the misconduct, as well as their concomitant duty to supervise Mr. Mortensen's interactions with female employees.

86. UPS and management knew of Mr. Reis's proclivity to harass Ms. Randall.

87. UPS and management ignored their legal obligation to remedy the misconduct, as well as their concomitant duty to supervise Mr. Reis's interactions with Ms. Randall.

88. UPS and management consciously pursued a course of conduct, knowing that it created a substantial risk of severe injury to Ms. Randall and other female employers. Such course of conduct warrants an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Randall respectfully requests the Court to:

A.  Issue a judgement declaring that the conduct of Defendant as described above violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended;

B.  Grant a permanent injunction against UPS enjoining it, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sexual harassment, other harassment and retaliation because of sex or any other employment practice which discriminates on the basis of sex;

C.  Order UPS to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination, especially providing sexual harassment training to its managers, supervisors, and non-supervisory employees;

D.  Order UPS to make Ms. Randall whole by awarding nominal and compensatory damages in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

///

///

E. Order UPS to make Ms. Randall whole by providing compensation for past and pecuniary losses resulting from the unlawful employment practices described above in the amounts to be determined at trial.

F. Order UPS to pay Ms. Randall punitive damages for its malice and reckless indifference to their federally protected rights, as described above, in amounts to be determined at trial.

G. Order UPS to pay Ms. Randall's reasonable costs and attorney fees against pursuant to 42 U.S.C. § 2000e, A.R.S. § 41-1481(G) and (J), and any other applicable law, and;

H. Grant such further relief as the Court deems necessary and proper to Ms. Randall that is just and proper against UPS under the circumstances.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of Federal Rules of Civil Procedure, Ms. Randall requests a jury trial on all questions of fact raised by her complaint.

**RESPECTFULLY SUBMITTED** this 18th day of November, 2022.

**CHRIS JONES LAW, PLC**


By    /s/ Christopher D. Jones
        Christopher D. Jones
        4704 E. Southern Ave.
        Mesa, Arizona 85206
        *Attorney for Plaintiff*


I hereby certify that on November 18, 2022, I electronically transmitted the forgoing document to the Clerk of Court using the CM/ECF System for filing.


        /s/ Christopher D. Jones

# EXHIBIT A

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| **EMPLOYMENT CHARGE OF DISCRIMINATION,** Page 1 of 1<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ■ FEPA<br>☐ EEOC | CRD-2022-0283<br>35A-2022-00266 |

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC
*State or Local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Ms. Amy Randall | RECEIVED | 480-599-7273 |
| STREET ADDRESS | MAR 24 2022 | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| [redacted] | CIVIL RIGHTS SECTION | [redacted] | [redacted] |
| LAW FIRM NAME/ATTORNEY NAME | | TELEPHONE NUMBER (Include Area Code) |
| Chris Jones Law, PLC c/o Christopher Jones, Esq. | | 480-390-5157 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | ATTORNEY EMAIL |
| 4704 E. Southern Avenue | Mesa, AZ 85206 | chris@jonesinjurylaw.com |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICE SHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME | NUMBER OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| United Parcel Service | Cat. D 501 or more | 888-742-5877 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 5552 E. Inverness Avenue | Mesa, AZ 85206 | Maricopa |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| United Parcel Service, Inc. | | 800-742-5877 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 55 Glenlake Parkway NE | Atlanta, GA 30328 | Fulton |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate boxes)*:
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN   ☐ AGE
☒ RETALIATION   ☐ DISABILITY   ☐ GENETIC TEST RESULTS   ☐ OTHER (Secify))

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 7/2020   LATEST(ALL): 1/25/2022
☒ Continuing Action

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s))*:

I. **PERSONAL HARM:** I was subject to sexual harassment and retaliated against for complaining about the discrimination.

II. **RESPONDENTS REASON FOR ADVERSE ACTION:** None.

III. **DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my sex, female (sexual harassment), and for opposing a practice made unlawful under the Arizona Civil Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The particulars are:

A. In or around March 2008, I began my employment with Respondent as Part-time Loader. My work performance has always been satisfactory and was promoted to EAM Driver.

B. In or around July 2020, I reported a sexual assault by a coworker, Ryan Mortensen (Mortensen), to Respondent. I was informed Mortensen had admitted to the assault and was given the option to resign, which he did. Respondent notified me they had not followed the proper policy report and were afraid for my safety, which led me to filing a police report against Mortensen. Mortensen was later charged with sexual molestation.

C. I am aware of two other female employees who had previously reported to Respondent about Mortensen sexually harassing them but were never addressed. I am also aware due to Respondent's improper policy report the assault was disclosed to other employees which caused me to receive harassment and ridicule from management and coworkers.

I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.

I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

SIGNATURE OF CHARGING PARTY AND DATE: *Amy Randall 3/21/22*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, Day, Year): 21 March 2022

INT-2022-0186/Amy Randall/DW
#S7H5UWQ10D9O03v1

DELANEY MURRAY
Notary Public - Arizona
Maricopa Co. / #603601
Expires 05/31/2025

| | |
|---|---|
| **EMPLOYMENT CHARGE OF DISCRIMINATION,** Page 2 of 2<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | CHARGE NUMBER<br>CRD-2022-0283<br>35A-2022-00366 |

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC

CASE NAME: AMY RANDALL V. UNITED PARCEL SERVICE

D. In or around August 2021, I was sexually assaulted by another coworker Peter Reis (Reis).

E. In or around October 2021, I reported being harassed, blackmailed, stalked, and assaulted by Reis to Respondent and police.

F. On or about November 12, 2021, Reis was served with an order of protection at Respondent's location.

G. In or around November 2021, I reported to Respondent Reis had broken the order of protection on multiple occasions. Reis admitted to sexually harassing me in a disciplinary meeting and only received a warning letter. Reis was told to stay away from me and offered counseling however, I was never offered any mental or medical assistance after filing multiple complaints.

H. I filed several complaints with Respondent's Security Andrea (LNU) in regards to the continuous harassment from Reis. After showing her multiple threatening text messages from Reis she stated, "do you really think he's going to hurt you?". I was informed by Respondent they did not know how to handle sexual harassment complaints; therefore, they could not assist with my allegations. Respondent also made it clear they did not care who worked for them as long as the work got done.

I. In or around December 2021, I tried filing another complaint against Reis and submit audio recordings as proof. Andrea was dismissive and did not take the complaint. I reported to Mesa Police that Reis had broken the order of protection. Preload Manager, Stephanie Biel, interfered with the Mesa Police's investigation and stated "no one wanted to get involved with ridiculous workplace drama".

J. On or about December 23, 2021, Peter Reis was arraigned for domestic violence and violating a judicial order. The Judge assigned to this case, updated the order of protection to include Respondent's location due to them failing to abide by the order. I am aware several employees have requested Reis contest the order of protection so he can continue working at Respondent's location.

K. On or about December 28, 2021, I was informed by Management they wanted to move me to another location for filing a police report.

L. On or about January 25, 2022, Management informed me I was "an inconvenience to the workplace and interrupting production".

M. I believe and therefore allege that Respondent discriminated against me because of my sex, female (sexual harassment) and for opposing a practice made unlawful.

| | |
|---|---|
| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY. I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF CHARGING PARTY AND DATE:<br>*Amy Randall  3/21/22* |
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, Day, Year)<br>21 March 2022 |
| INT-2022-01... | DELANEY MURRAY<br>Notary Public - Arizona<br>Maricopa Co. / #603601<br>Expires 05/31/2025 |

Notary Public - Arizona
Maricopa Co. / #603601
Expires 05/31/2025

# EXHIBIT B

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Amy Randall**

From: **Phoenix District Office**
**3300 North Central Avenue, Suite 690**
**Phoenix, AZ 85012**

| | | |
|---|---|---|
| EEOC Charge No.<br>**35A-2022-00266** | EEOC Representative<br>**Robin Campbell,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**602-661-0041** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____ 08/23/2022

**Melinda Caraballo**
**Acting District Director**

Enclosures(s)

Cc: United Parcel Services, Inc.
c/o Michael J. Ritter
Schmoyer Reinhard, LLP
8000 IH 10 West, Suite 1600
San Antonio, TX  78230



**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

**MARK BRNOVICH**
**ATTORNEY GENERAL**

CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

**REBEKAH BROWDER**
**CHIEF COUNSEL**

## NOTICE OF RIGHT TO SUE
July 1, 2022

**SENT VIA U.S. MAIL**
Amy Randall
c/o Christopher D. Jones, Esq.
Chris Jones Law, PLC
4704 East Southern Avenue
Mesa, Arizona 85206

Re: Amy Randall v. United Parcel Service
CRD No.: CRD-2022-0283, EEOC No.: 35A-2022-00266
**DIVISION FILING DATE: March 24, 2022**

On **March 24, 2022** you filed a Charge of Discrimination ("Charge") with the Division of Civil Rights Section ("Division") alleging employment discrimination. You have a right to file a lawsuit against Respondent(s) under the Arizona Civil Right Act ("ACRA") based on this Charge. This Notice is being sent to you because you, or an attorney who represents you, requested a Notice of Right to Sue. With this Notice, the Division is closing its investigation.

> **Arizona law requires that you file your lawsuit against Respondent(s) in court <u>no later</u> than one year after the date on which you filed your charge with the Division. If you miss this deadline, you may lose your right to sue Respondent(s) based on your Charge.**

In issuing this Notice, <u>the Division is not expressing an opinion on the merits of your allegations or the likely outcome of any lawsuit</u>. If you are interested in filing a lawsuit against Respondent(s), deadlines are critical. You should consider immediately contacting a lawyer or law firm for assistance.

If you have any questions concerning this Notice, please contact the Division at (602)-542-5263, 1-877-491-5740 (toll free), TDD (520) 628-6872, or TDD (877) 881-7552 (toll free).

Sincerely,

_____
Stephen Scott, Compliance Manager

PHOENIX • 2005 NORTH CENTRAL AVENUE, PHOENIX, AZ 85004 • 602.542.5263
TUCSON • 400 WEST CONGRESS, SOUTH BUILDING, SUITE S-315, TUCSON, AZ 85701 • 520.628.6500
WWW.AZAG.GOV